J. Warner Pyles v. Commissioner.
Pyles v. Commissioner
Docket No. 18178.
United States Tax Court
1950 Tax Ct. Memo LEXIS 287; 9 T.C.M. (CCH) 78; T.C.M. (RIA) 50028; January 30, 1950
*287 J. Warner Pyles, pro se. George J. Le Blanc, Esq., for the respondent. TURNER
Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency of $380.58 in the petitioner's income tax for 1944. Issues presented by the pleadings are the correctness of the respondent's action in disallowing: (1) a deduction of $450 for apartment rent for the year while petitioner was stationed in St. Louis, Missouri, (2) a deduction of $16.50 for Federal excise tax on use of telephone and on railroad travel, (3) a deduction of $484.49 for travel expenses in excess of per diem allowance and miscellaneous reimbursements, and (4) a deduction of $500 for contributions. At the hearing the petitioner conceded the correctness of the respondent's action as to issues (1) and (2) thus leaving for determination issues (3) and (4). Findings of Fact The petitioner's 1944 income tax return, which was prepared on the cash receipts and disbursements basis, was filed with the collector for the district of Maryland. During 1944 the petitioner was an employee of the Rural Electrification Administration, a Bureau in the United States Department of Agriculture. His *288 post of duty was at St. Louis, Missouri, but his official duties required him to make trips to a number of cities and towns, large and small, in various parts of the United States. While traveling on official business away from St. Louis, the petitioner received from the government a per diem allowance of $6 in lieu of subsistence. In addition, he received reimbursement for expenses of transportation to and from railroad and bus stations, telephone calls relative to official business, and other miscellaneous expenditures. Railroad and bus transportation and Pullman facilities were furnished the petitioner upon surrender of official government transportation requests and payment therefor was made directly to the carrier by the government. As shown by vouchers submitted by the petitioner to the government for the months of January through October 1944, the petitioner received during 1944 $768 in payment of per diem allowance and $148.58 in reimbursement of reimbursable expenses or a total of $916.58. The petitioner also submitted vouchers for November and December 1944, which were paid in January 1945, for the amounts of $88.64 and $51.91, respectively. No part of either of these *289 latter amounts was reported by the petitioner in his 1944 income tax return and no deductions were taken with respect to them. In his 1944 return the petitioner reported as income the above-mentioned $916.58 received as per diem and reimbursement of miscellaneous expenses for the first ten months of 1944 and took a deduction of $1,401.07 for "Travel expenses for business activities." The deduction was arrived at by the petitioner as follows: He concluded that of the $916.58 received by him, $176.57 represented reimbursable miscellaneous expenses, and that the balance of $740.01 was for per diem. Since his per diem was at the rate of $6, he divided the $740.01 by that amount to get the number of days he was away from his post of duty, arriving at 124 days. Thereupon, he made the following computation: Meals, 124 days at $3.50 per day
$ 434.00
Lodging, 124 nights at $3.50 per night
434.00
Entertainment of officials of co-opera-
tive groups, 53 instances at $2.50
each
132.50
Tips and gratuities: Meals, 3 per day, 124 days at
25" each
$93.00
Train porters, 60 times at 50"
30.00
Station porters, 120 times at
25"
30.00
Taxi drivers, 175 times at 10"
17.50
Bell-hops, 120 times at 25"
30.00
Miscellaneous, room service,
etc.
23.50
224.00
Reimbursable expenses
176.57
$1,401.07
*290 The amounts composing the $1,401.07 represent estimates made by the petitioner respecting his expenses while traveling on official business away from his post of duty. The petitioner kept a record of his actual expenses in a memorandum book which he always carried around with him and which was available to him at the time he prepared his return. He is unable to give any reason for resorting to estimates when a record of actual expenditures was available. In making his estimate of $434 for lodging for 124 days the petitioner included lodging expenses for 39 nights during which he was traveling on the train and incurred no expense for lodging. In determining the deficiency the respondent disallowed as a deduction the amount of $484.49 representing the difference between the deduction of $1,401.07 taken by the petitioner as travel expenses and the $916.58 reported by petitioner as received for per diem allowance and reimbursement for miscellaneous expenses. In the space on his return for listing contributions the petitioner entered, without explanation thereof, the amount of $500 which he deducted in computing his taxable income. The respondent disallowed the deduction. Of the *291 deduction $100 represented a pledge made by the petitioner in 1944 to the Community Chest, St. Louis, Missouri, and $60 represented a pledge made by him in that year to the Red Cross in the same city. The foregoing amounts were not paid in 1944. During 1944 the petitioner contributed $250 to various churches and $20 to the Red Cross. Opinion The petitioner seeks the allowance of a deduction of $484.49 representing the excess of the deduction taken by him for travel expenses over the total of his per diem allowance and reimbursed miscellaneous expenses. Concededly the deduction taken by him for travel expenses was a pure estimate made by him in complete and unexplained disregard of an actual record which he testified that he had kept and had available at the time of making his estimate. He stated at the hearing that the record is no longer available and that accordingly the testimony given was his recollection as to the items and amounts. In support of his claim the petitioner testified, among other things, in several instances to certain amounts that he had paid for hotel rooms at various times and places, but when confronted with data in possession of the respondent he admitted *292 that he had paid substantially lesser amounts than previously testified to and substantially less than the amount of $3.50 per day used by him in computing his deduction. In addition the petitioner admitted that in taking his deduction he had included amounts for hotel lodging for nights that he incurred no lodging expenses but was traveling on the train. The record shows a total of 39 such nights. In view of the foregoing and for lack of corroborating evidence, we are unable to find that the petitioner incurred expenditures for meals, lodging, tips, and gratuities in excess of the amount of his per diem allowance for the period covered. There is nothing to indicate that the petitioner was ordered to entertain at his own expense or that his superiors knew and approved of any entertainment by him. The evidence does not show that any entertainment done by the petitioner was reasonably necessary in that it enabled him to do his work and carry on his business as an employee of the Rural Electrification Administration more efficiently and satisfactorily than otherwise would have been the case and that without it he owuld have failed to perform the duties expected of him. Accordingly, *293 we are unable to find that the petitioner comes within the rule laid down in (on appeal U.S.C.A., 6), where it was held that one receiving his salary from the Government was entitled to deduct entertainment expenses. The amount of $132.50 taken by the petitioner for entertainment is not deductible in determining taxable net income. In view of the foregoing the respondent's action in disallowing the deduction of $484.49 here in controversy is sustained. The petitioner testified that the unexplained deduction of $500 taken in his return for contributions represented donations to the St. Louis Community Chest $100; Red Cross $100; Boy Scouts $50; and church $250. No receipts or other evidence was offered by the petitioner to corroborate his testimony in support of his claim for the foregoing items and amounts as deductions. Since his testimony shows that his return was prepared on the cash receipts and disbursements basis and that the $100 donation to the Community Chest and $60 of the claimed $100 donation to the Red Cross were not paid in 1944, they do not constitute deductible items for that year. The petitioner said the remaining *294 $40 claimed as a donation to the Red Cross represented several amounts donated at several different places but he named none of the places or the amounts. Applying the rule of , we have found as a fact that the petitioner paid $20 to the Red Cross during the taxable year. Accordingly, we hold that he is entitled to a deduction of that amount. Respecting the claimed donation of $50 to the Boy Scouts, petitioner stated that it was made by check, that it represented several donations and was made to different troops, and that he made no contribution to the Boy Scout organization as such during 1944. So far as shown any donations made by petitioner under this item may well have represented personal gifts to the members of the troops. No error is shown in the respondent's action as to this item. With respect to the amount of $250 claimed as donation to church, the petitioner testified that he attended church every Sunday and had "a standing custom" wherever he was of paying $5 a Sunday to the church. He stated that the $250 was not paid to any one church but to various churches. While the evidence on this point is not as definite as *295 it might be, we have found in our findings of fact that the contributions were made and now conclude that he is entitled to the deduction of the $250 as claimed. Decision will be entered under Rule 50.